By the Court.
In this action the relator seeks a writ of mandamus requiring the chief justice of this court to assign a common pleas judge to preside in the trial of a criminal action pending in the court of common pleas of Perry county, in which relator is the defendant. Issue is made by demurrer to the amended petition.
The relator filed an affidavit in the court of common pleas stating that he is the defendant in the case of the State of Ohio v. Clarence L. Chute, now pending in that court for trial; that Hon. Thomas D. Price, the judge of the court of common pleas of Perry county, has a bias and prejudice against the defendant, and has a bias and prejudice in favor of counsel representing the state, and is otherwise disqualified to sit in and try said case. This affidavit was filed with the clerk of courts of the county, who forthwith notified the defendant herein, as chief jus *321 tice of the supreme court of the state, of the filing thereof, who has failed and refused to assign another judge to take the place of Judge Thomas D. Price, to preside at the trial of the cause, and who has announced his intention not to assign a judge to preside at such trial; and Thomas D. Price, as judge of the court of common pleas of Perry county, has announced his intention to preside as judge at the trial of the relator, and will so preside unless the defendant, as chief justice, assigns another judge to preside at such trial.
Section 3, Article IY of the Constitution of Ohio adopted in 1912, provides as follows: “Any judge of the court of common pleas may temporarily preside and hold court in any county; and until the general assembly shall make adequate provision therefor, the chief justice of the supreme court of the state shall pass upon the disqualification or disability of any judge of the court of common pleas, and he may assign any judge to any county to hold court therein.”
The provision of the constitution, that the chief justice “shall pass upon the disqualification or disability,” necessarily presupposes a hearing upon the charges filed, alleging bias or prejudice of the common pleas judge. A determination of the issue is authorized, and there can be no determination without a hearing and consideration of the question presented. It is therefore required by the provision above quoted that there shall be such hearing and determination and that such hearing shall be had and determination made by the chief justice “until the general assembly shall make adequate provision therefor.”
*322 Although Section 1687, General Code, does provide that on the filing of an affidavit of any party, or of the counsel of any party, setting forth the fact of interest, bias or prejudice of a judge of the common pleas court, the clerk shall notify the chief justice of the supreme court, who shall designate and assign some other judge to take his place, yet Section 2253-1, General Code, passed by the legislature in 1917, is in pari materia with Section 1687, General Code, and must be read and construed therewith. That section provides as follows: ‘ ‘ The chief justice of the supreme court shall receive his actual and necessary expenses incurred while performing his duties under the law and the constitution in determining the disqualification or disability of any judge of the court of common pleas or of the court of appeals, to be paid from the state treasury upon the warrant of the auditor of state, issued to such chief justice.”
Clearly the thing required by the constitutional mandate above quoted was that provision be made by law for the hearing and determination of the question of bias or prejudice, or that until such provision is made by law the method prescribed by the constitution therefor must be followed. It can be found that provision for such hearing and determination has been made by law only by construing these sections together. That we think may properly be done, and from a consideration of the provisions of these two sections the intention of the legislature, clearly manifested, is that the question of bias and prejudice is to be heard and passed upon by the chief justice of the supreme court. The concluding statement of the opinion of Davis, J., in the case of Duncan, Super *323 vising Judge, v. State, ex rel. Brown, 82 Ohio St., 351, is quite pertinent here: “We adopt this construction of the statute the more readily, because, if the affidavit be taken as final and conclusive, it would raise a more serious question as to whether the legislature has overstepped constitutional limits, and it cannot be lightly assumed that it intended to do so.” If such construction of the statute involved in that case was then necessary, when there was no express constitutional provision covering the subject, how much more essential is it that similar provisions of the statute be so construed in view of our present constitutional provision relative thereto ?
The demurrer to the amended petition is sustained.

Demurrer sustained.

Writ denied.

Johnson, Wanamaker, Jones and Matthias, JJ., concur.
Hough and Robinson, JJ., dissent.